## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**CHARLES A. MITCHELL,**

     **Petitioner,**                        **CASE NO. 2:10-CV-00299**
                                             **JUDGE FROST**
         **v.**                             **MAGISTRATE JUDGE KING**

**KEITH SMITH, WARDEN,**

     **Respondent.**

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant *Petition*, Respondent's *Return of Writ,* Petitioner's *Traverse*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**. Petitioner's request for an evidentiary hearing (*see Traverse)*, is **DENIED**.

### FACTS and PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> The victim's account of events is as follows:
>
> On June 29, 2006, Denise Mitchell was at home when she heard a noise at the door which she believed to be the banging of the screen door. When she opened the security door to close the screen door, she observed a shadow and realized her ex-husband, Charles Mitchell, was standing on her porch, holding a tire iron in his hand. (T. 128-131). Appellant Mitchell forced her back into the house and ordered her to remove her clothes. (T. 133-138). He then ordered her to fondle herself while he watched. He then proceeded to chastise her for harassing him. After some time, Ms. Mitchell convinced Appellant she heard her daughter coming home. When Appellant stepped outside to check, Ms. Mitchell called 911. Although she was not able to speak at length with the dispatcher, she was able to hide

the phone and keep the line open. Officers were dispatched to the home. Upon their arrival, Ms. Mitchell broke a window and yelled for help. (T. 152-153). Thereafter, Appellant was taken into custody. (T. 154).

On July 7, 2006, Defendant-appellant Charles A. Mitchell was indicted by the Muskingum County Grand Jury on one count of Aggravated Burglary, an F1, in violation of R.C. 4911.12(A)(2); one count of Kidnapping with a Sexual Motivation Specification and a Sexually Violent Predator Specification, an F1, in violation of R.C. 4f905.01(A)(4); and four counts of Rape, an F1, in violation of R.C. 4f907.02(A)(2).

On July 12, 2006, Appellant pled not guilty to the above-listed charges.

On October 31, 2006, the matter came before the trial court for jury trial.

At trial, Appellant took the stand and testified. Appellant began by detailing his criminal history. (T. at 315-319). Appellant then testified that after playing in his golf league and drinking a few beers, he decided to pay an unannounced visit to his ex-wife at approximately 11:00 p.m. (T. at 338). He further testified that he took a tire iron to the door after he received no answer to his first knock, stating that he took it for protection because it was dark and raining. (T. at 341-342). He further testified that his ex-wife then came to the door and invited him in. (T. at 342-343) He then testified that after about a twenty minute conversation, he and his ex-wife began kissing which led to them having sex. (T. at 343-348). He stated that at one point Denise thought she heard something outside and was afraid that it might be their daughter coming home, so he went outside to investigate. (T. at 349-350). He testified that he then returned to the trailer and at that time, he and Denise went into the bedroom and continued to have sex until the police arrived. (T. at 343-354). When he went to answer the door, his ex-wife inexplicably broke a window out of the house and screamed to the officers for help. With that he was arrested. (T. at 354).

On November 1, 2006, the cause was submitted to the jury. Following four hours of deliberation, the jury returned verdicts of guilty as to the counts of Aggravated Burglary and Kidnapping. The jury returned not guilty verdicts to the four counts of Rape and of the Sexual Motivation Specification and Sexually Violent Predator

2

> Specification of count two.
>
> On December 11, 2006, after a pre-sentence investigation, the trial court sentenced Appellant to a stated prison term of ten (10) years on the Aggravated Burglary count and a stated prison term of ten (10) years on the Kidnapping count. These sentences were ordered to be served consecutive to one another.

*State v. Mitchell,* No. CT2006-0090, 2007 WL 2994142, at *1 (Ohio App. 5th Dist. Oct. 9, 2007).

Petitioner filed a timely appeal in which he raised the following assignments of error:

> I. THE APPELLANT IS ENTITLED TO A JUDGMENT OF ACQUITTAL/REVERSAL BECAUSE THE JURY'S VERDICT IS INCONSISTENT.
>
> II. THE TRIAL COURT ERRED IN ALLOWING AN INHERENTLY CONFUSING FORM FOR THE SECOND COUNT.
>
> III. THE TRIAL COURT ERRED IN ALLOWING TESTIMONY REGARDING APPELLANT'S MISDEMEANOR RECORD CLEARLY IN CONTRAVENTION OF EVIDENCE RULE 609.
>
> IV. THE TRIAL COURT ERRED WHEN IT DISMISSED A JUROR OVER THE OBJECTION OF APPELLANT'S COUNSEL.
>
> V. THE VERDICTS ARE NOT SUSTAINED BY THE SUFFICIENCY OF EVIDENCE AND ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
>
> VI. THE TRIAL COURT ERRED WHEN IT IMPOSED TWO CONSECUTIVE MAXIMUM SENTENCES – R.C. 4953.08.
>
> VII. THE TRIAL COURT ABUSED IT DISCRETION IN SENTENCING.

*Id.* at *2.  On October 9, 2007, the state appellate court affirmed the trial court's judgment.  *Id.*  On

March 12, 2008, the Ohio Supreme Court dismissed Petitioner's subsequent appeal.  *See Exhibits*

*12, 13 to Return of Writ.*

On March 9, 2009, appellant filed a motion to reopen his appeal pursuant to Ohio R. App.

3

P. 26(B), which motion was granted.  Petitioner raised the following assignments of error:

> I. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS AND A FAIR TRIAL UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY STRUCTURAL CONSTITIONAL (SIC) ERROR WHICH OCCURRED WHEN HE WAS CONVICTED OF AGGRAVATED BURGLARY AND KIDNAPPING BASED UPON AN INSUFFICIENT INDICTMENT WHICH DID NOT INCLUDE THE DEFAULT ELEMENT OF RECKLESSNESS WITH RESPECT TO EACH COUNT.

> II. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS AND WAS TWICE PLACED IN JEOPARDY IN VIOLATION OF ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY STRUCTURAL CONSTITUTIONAL ERROR WHICH OCCURRED WHEN HE WAS CONVICTED OF AGGRAVATED BURGLARY AND OF A PREDICATE KIDNAPPING UNDER R.C. 2905.01(A)(4) AFTER THE JURY ACQUITTED HIM OF BOTH RAPE AND OF A SEXUAL MOTIVATION SPECIFICATION AS TO THE KIDNAPPING COUNT WHICH AROSE OUT OF THE SAME OFFENSE.

> III. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS AND A FAIR TRIAL IN VIOLATION OF ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH, SIXTH AND FOURTEENTH AMENEMENTS (SIC) TO THE UNITED STATES CONSTITUTION BY STRUCTURAL CONSTITUTIONAL ERROR WHICH OCCURRED WHEN HE WAS CONVICTED OF AGGRAVATED BURGLARY AND KIDNAPPING IN THE ABSENCE OF SUFFICIENT EVIDENCE AND WHERE THE VERDICTS WERE OTHERWISE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

> IV. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS AND A FAIR TRIAL IN VIOLATION OF ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY STRUCTURAL CONSTITUTIONAL ERROR WHICH OCCURRED WHEN HE WAS TWICE PLACED

4

IN JEOPARDY AND GIVEN CONSECUTIVE SENTENCES FOR THE SAME ALLIED OFFENSES OF AGGRAVATED BURGLARY AND KIDNAPPING WHICH INVOLVED NEITHER SEPARATE INCIDENTS NOR SEPARATE ANIMI.

V. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS, A FAIR TRIAL, A FAIR APPEAL AND THE EFFECTIVE ASSISTANCE OF BOTH TRIAL AND APPELLATE COUNSEL BY STRUCTURAL CONSTITUTIONAL ERROR IN THE ABSENCE OF WHICH HE WOULD HAVE BEEN ACQUITTED AND OTHERWISE GIVEN ONLY A SINGLE PRISON TERM.

VI. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY STRUCTURAL CONSTITUTIONAL ERROR WHICH OCCURRED WHEN HE WAS GIVEN MAXIMUM CONSECUTIVE PRISON TERMS IN THE ABSENCE OF SUFFICIENT FINDINGS REQUIRED BY LAW.

VII. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS AND A FAIR TRIAL BY CUMULATIVE STRUCUTAL (SIC) CONSTITUTIONAL ERROR.

*State v. Mitchell*, CT2006-0090, 2009 WL 3155055, at *1-2 (Ohio App. 5th Dist. Sept. 30, 2009).

On September 30, 2009, the state appellate court overruled Petitioner's assignments of error. On February 10, 2010, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Mitchell*, 124 Ohio St.3d 1476 (2010).

On April 9, 2010, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

1. Petitioner was denied due process of law in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution when he was put on trial off an indictment that did not contain all the elements of the offense charged.

2. Petitioner was denied due process in violation of the Fourteenth Amendment to the United States Constitution when he was convicted of aggravated burglary and kidnapping when the State failed to prove each and every element beyond a reasonable doubt.

3. Petitioner was denied due process of law in violation of the Fourteenth Amendment to the United States Constitution and the prohibition against double jeopardy in violation of the Fifth and Sixth Amendments to the United States Constitution was violated when Petitioner was convicted.

4. Petitioner was denied due process and the prohibition against double jeopardy violated in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution when he received consecutive sentences for aggravated burglary and kidnapping where they are allied offenses of similar import.

5. Petitioner was denied due process of law in violation of the Fourteenth Amendments to the United States Constitution when he was given imposition of maximum and/or non minimum sentences.

6. Petitioner received ineffective assistance of trial counsel, in violation of the Sixth and Fourteenth Amendments to the United States Constitution when trial counsel put into the record evidence of Petitioner's misdemeanor convictions.

7. The Petitioner's Fourteenth Amendment right to due process was violated when the jury was submitted a prejudicially confusing verdict form to render their verdict.

8. Petitioner's Fourteenth Amendment right to due process was violated when the trial court dismissed a juror over Petitioner's objection when no misconduct existed.

9. Petitioner's Fourteenth Amendment right to due process was violated when his convictions are the result of cumulative error.

It is the position of the Respondent that Petitioner's claims are not cognizable in habeas corpus proceedings, are procedurally defaulted, or are without merit. The Court will address Petitioner's claims out of order for ease of review:

**CLAIM TWO**

6

In claim two, Petitioner asserts that the evidence was constitutionally insufficient to sustain his convictions on aggravated burglary and kidnapping.  Respondent contends that this claim is procedurally defaulted because, in presenting the claim to the state courts, Petitioner formulated the claim only as an issue regarding inconsistent jury verdicts.  *Return of Writ*, at 20-21.  This Court does not agree.  Although Petitioner argued that the verdict of acquittal on charges of rape and sexual motivation specification required that his convictions on aggravated burglary and kidnapping be vacated, he plainly raised a claim that the evidence was constitutionally insufficient to sustain his convictions.  *See Exhibit 7 to Return of Writ.*  The state appellate court also viewed this claim in that light and rejected that claim on the merits:

> Appellant argues that the verdicts are against the . . . sufficiency of the evidence. We disagree.
>
> A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. *State v. Gulley* (Mar. 15, 2000), 9th Dist. No. 19600, at 3. "While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion." *State v. Thompkins* (1997), 76 Ohio St.3d 390, 678 N.E.2d 541.
>
> On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991) 61 Ohio St.3d 259. The weight to be given evidence and the determination of credibility of witnesses are issues for the jury, not the reviewing court. *State v. Jamison* (1990), 49 Ohio St.3d 182, cert. denied, 498 U.S. 881.
>
> Specifically, an appellate court's function, when reviewing the sufficiency of the evidence to support a criminal conviction, is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks, supra.* This test raises a question of law and does not allow the court to weigh the evidence. *State v. Martin* (1983), 20 Ohio App.3d 172,

175, 485 N.E.2d 717. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Thompkins*, 78 Ohio St.3d at 386, 678 N.E.2d 541.

"Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." *State v. Roberts* (Sept. 17, 1997), 9th Dist. No. 96CA006462. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. *Cuyahoga Falls v. Scupholm* (Dec. 13, 2000), 9th Dist. Nos. 19734 and 19735.

***

In the instant case, Appellant was convicted of Kidnapping and Aggravated Burglary:

Revised Code 4f905.01(A)(4), Kidnapping, provides, in relevant part:

"(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:

" * * *

"(4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will;

R.C. 4911.11(A)(2), Aggravated Burglary, provides:

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:

* * *

"(2) The offender has a deadly weapon or dangerous ordnance on or

about the offender's person or under the offender's control."

Upon review of the record, we find that the jury heard testimony from nine witnesses on behalf of the State. The jury also heard testimony from Appellant and one other witness called on his defense.

Appellant, in his brief, draws our attention to a number of inconsistencies between his testimony and the testimony of the victim.

The jury was free to accept or reject any and all of the evidence offered by the parties and assess the witness' credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the . . . sufficiency of the evidence". *State v. Craig* (Mar. 23, 2000), Franklin App. No. 99AP-739, citing *State v. Nivens* (May 28, 1996), Franklin App. No. 95APA09-1236.  Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver*, Franklin App. No. 02AP-604, 2003-Ohio-958, at 5721, citing *State v. Antill* (1964), 176 Ohio St. 61, 67, 197 N.E.2d 548; *State v. Burke*, Franklin App. No. 02AP-1238, 2003-Ohio-2889, citing *State v. Caldwell* (1992), 79 Ohio App.3d 667, 607 N.E.2d 1096.

. . . Viewing this evidence in a light most favorable to the prosecution, we . . . conclude that a rational trier of fact could have found beyond a reasonable doubt that Appellant trespassed into his ex-wife's home with a deadly weapon, to-wit: a crow bar, under his control with the purpose of committing a criminal offense. We further conclude that a rational trier of fact could have found beyond a reasonable doubt that Appellant did by force, threat or deception, restrain the liberty of his ex-wife.

*State v. Mitchell*, 2007 WL 2994142, at *6-8.

Under 28 U.S.C. § 2254(e)(1), the state court's factual findings are presumed to be correct:

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

9

The state court's decision is binding on this Court unless that decision is contrary to or involves an unreasonable application of clearly established federal law as determined by the United States Supreme Court:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The United States Supreme Court has explained:

> "[A]n unreasonable application of federal law is different from an incorrect application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Indeed, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.*, at 411, 120 S.Ct. 1495. Rather, that application must be "objectively unreasonable." *Id.*, at 409, 120 S.Ct. 1495. This distinction creates "a substantially higher threshold" for obtaining relief than de novo review. *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). AEDPA thus imposes a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and "demands that state-court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) ( per curiam ).

*Renico v. Lett*, 559 U.S. –, 130 S.Ct. 1855,1862 (2010)(footnote omitted.)

In determining whether evidence is constitutionally sufficient to sustain a conviction, this

10

Court must consider the evidence presented in the light most favorable to the prosecution. *Wright v. West*, 505 U.S. 277 (1992)(*citing Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The prosecution is not affirmatively required to "rule out every hypothesis except that of guilt." *Id.* (*quoting Jackson,* at 326). "[A] reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Id.* (quoting *Jackson*, at 326). For example, the trier of fact is entitled to disbelieve a defendant's uncorroborated testimony and to discount a defendant's credibility on account of a prior felony conviction. *Id.*

Further, under the AEDPA, a state court's determination regarding a sufficiency of evidence claim is entitled a "double layer" of deference. As explained in *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009), deference is due to the jury's finding of guilt because the standard, announced in *Jackson v. Virginia*, is whether "viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Even if a *de novo* review of the evidence leads to the conclusion that no rational trier of fact could have so found, a federal habeas court "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *See also White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009). This is a substantial hurdle for a habeas petitioner to overcome.

Petitioner has not  met this burden. Petitioner argues that the alleged victim lied and that inconsistencies in the evidence render her testimony unworthy of credit. However, when viewing all of the evidence in the light most favorable to the prosecution, as this Court is required to do,

testimony of the victim alone was constitutionally sufficient to sustain Petitioner's convictions both on aggravated burglary and kidnapping.

Claim two is without merit.

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless,* 459 U.S. 4, 6 (1982) ( *per curiam* ); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a Court must undertake a four-part analysis when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, the Court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose

review of a federal constitutional claim. *Id.* Finally, if the Court determines that the petitioner failed to comply with an adequate and independent state procedural rule, then the petitioner must demonstrate good cause for his failure to follow the procedural rule as well as actual prejudice from the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir.1985).

**Claims 1, 3-6, 9:**

In claim one, Petitioner asserts that he was denied a fair trial because the indictment against him failed to include an allegation of recklessness in connection with the charges of kidnapping and aggravated burglary, constituting structural error. Petitioner also appears to assert that the indictment denied him constitutionally fair notice of the charges. *See Traverse*. In claim three, Petitioner asserts that his conviction on kidnapping violates the Double Jeopardy Clause. Similarly, in claim four, Petitioner asserts that his convictions on aggravated burglary and kidnapping violate the Double Jeopardy Clause because these offenses constitute allied offenses of similar import under Ohio law.[1] In claim five, Petitioner asserts that the trial court unconstitutionally imposed a sentence that was inconsistent with sentences of other defendants who were convicted of similar crimes and that imposition of maximum or non-minimum terms of incarceration violates *Oregon v. Ice*, 555

---

[1] Respondent argues that claim four, in which Petitioner asserts that his convictions violate Ohio's statute on allied offenses of similar import, presents only an issue regarding the alleged violation of state law. Because Ohio's statute on allied offenses of similar import, as defined by the Ohio Supreme Court in *State v. Rance*, 85 Ohio St.3d 632 (1999), derives from concerns of the Double Jeopardy Clause, this Court is not persuaded by this argument. *See Church v. Wolfe*, 2007 WL 2446707 (S.D. Ohio Aug. 23, 207)(citation omitted). To the extent that Petitioner raises any claim regarding only a violation of state law, however, this claim fails to provide a basis for federal habeas corpus relief. 28 U.S.C. § 2254(a).

U.S. 160 (2009).  In claim six, Petitioner asserts he was denied effective assistance of trial counsel because his attorney introduced evidence regarding his prior convictions.[2]  In claim nine,

_____

[2] Petitioner argued on direct appeal that the trial court violated Ohio Rules of Evidence by permitting testimony regarding Petitioner's prior convictions.  The state appellate court rejected this claim:

Appellant argues the trial court erred in allowing testimony regarding Appellant's misdemeanor record. We disagree.

The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. *See State v. Sage* (1987), 31 Ohio St.3d 173, 510 N.E.2d 343. Accordingly, we will not disturb a trial court's evidentiary ruling absent a demonstration of an abuse of discretion, which is a decision that is unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

As stated in the recitation of facts above, Appellant, during his direct examination by his defense counsel, voluntarily testified to his lengty criminal history, during which, in addition to a myriad of felony convictions, Appellant also admitted to pleading guilty to certain misdemeanor offenses:

"Q. Do you have any misdemeanor offenses?

"A. Yes, quite a few. I have DUIs, domestic violence. I think I got-it's either three or four DUIs, I think three domestic violence, disorderly conduct, an FRA suspension, driving under suspended license." (T. at 317).

Counsel for Appellant then went on to ask Appellant about his approach to his past criminal actions:

"Q. And did you take any of those cases to trial?

"A. No, sir.

"Q. Why not?

"A. I was guilty. (T. at 317).

Such line of questioning was then followed up with the following question and answer:

14

---

"Q. Why did you decide to bring this case to trial, Mr. Mitchell?

"A. Because I am not guilty." (T. at 317).

Upon cross-examination, the prosecutor questioned Appellant about the nature of his prior domestic violence charges, inquiring as to whether such pleas were the result of plea bargains for reduced charges. (T. at 361-363).

Appellant argues that this line of questioning amounted to improper impeachment under Evid.R. 609 by using evidence of misdemeanor convictions for the purpose of attacking Appellant's credibility.

Evid.R. 609 concerns impeachment by evidence of a criminal conviction. Relevant to the instant case, it provides that evidence that the accused has been convicted of a crime is admissible in one of two circumstances: (1) if it is a felony and the probative value outweighs the danger of unfair prejudice, confusion of the issues, or of misleading the jury; or (2) if the crime, felony or otherwise, involved dishonesty or false statement. See Evid.R. 609(A)(1) and (2)While Evid.R. 609 clearly does not permit the use of a misdemeanor conviction to impeach the accused, Evid.R. 608, in certain circumstances, does.

Evid.R. 608 concerns evidence of character and witness conduct. Relevant to the instant case, it provides the following: "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid.R. 609, may not be proved by extrinsic evidence. *They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness * * * concerning the witness's character for truthfulness or untruthfulness * * *."* (Emphasis added.) Evid.R. 608(B)."

In *State v. Greer,* 39 Ohio St.3d 236, the Ohio Supreme Court addressed this issue, holding:

"Immediately apparent was appellant's emphasis upon the fact that he had pled guilty to the prior offenses." This emphasis seems to have been intended to imply that herein, had Appellant, in fact, committed the crimes at issue, he would have *pled* guilty. The prosecution's response on cross-examination was to demonstrate that the guilty pleas were the result of plea bargains for lesser sentences and not the result of Appellant's overriding compulsion to be truthful. Also, the inquiries into actual time spent in prison, as well as sentences received, were incidental to demonstrating that Appellant received lesser sentences than he might have received absent plea bargaining. Further, Appellant himself spelled out the

15

Petitioner asserts that he was denied a fair trial based on cumulative error.  These claims, being readily apparent from the face of the record, should have been raised on direct appeal, but were not.[3]

As noted *supra*, Petitioner did not raise claims 1, 3-6, and 9 on direct appeal.  He may now no longer present the claims to the state courts under Ohio's doctrine of *res judicata*.  *See State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967).  The state courts were never given an opportunity to enforce the procedural rule at issue due to the nature of Petitioner's procedural default.

The Court finds that Ohio's *res judicata* rule is adequate and independent under the third part of the *Maupin* test. To be "independent," the procedural rule at issue, as well as the state court's reliance thereon, must rely in no part on federal law. *See Coleman v. Thompson,* 501 U.S. 722, 732-33 (1991). To be "adequate," the state procedural rule must be firmly established and regularly

---

particulars of his prior convictions, including lengths of sentences received as well as reduction in time served. Having so opened this door of inquiry, Appellant can hardly complain about the prosecution's use of similar information to rebut his attempts to bolster his credibility before the jury prior to questioning about the crime at issue.

We find, in the case *sub judice*, that Appellant put his own character at issue by stating that when he commits a crime, he owns up to it by pleading guilty. The state elicited testimony from Appellant regarding his misdemeanor convictions, not in an effort to impeach Appellant's credibility by showing conviction of such misdemeanor, which Appellant had already testified to, but rather to demonstrate that Appellant was not truthful.

Appellant's third assignment of error is overruled.

*State v. Mitchell*, 2007 WL 2994142, at *4-5.  Petitioner did not raise an issue regarding ineffective assistance of trial counsel in his reopened appeal.

[3] Petitioner argued on direct appeal that the trial court abused its discretion and erred in imposing consecutive sentences in violation of state law.  He did not, however, raise any federal constitutional claim.  *See Exhibit 7 to Return of Writ.*

16

followed by the state courts. *Ford v. Georgia,* 498 U.S. 411 (1991). "[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by this Court of a federal constitutional claim." *Id.* at 423 (quoting *James v. Kentucky*, 466 U.S. 341, 348-351 (1984); *see also Barr v. City of Columbia*, 378 U.S. 146, 149 (1964); *NAACP v. Alabama ex rel. Flowers,* 377 U.S. 288, 297 (1964); *see also Jamison v. Collins,* 100 F.Supp.2d 521, 561 (S.D. Ohio 1998).

The Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.,* the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell,* 268 F.3d 417, 427-29 (6th Cir. 2001); *Seymour v. Walker,* 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins,* 209 F.3d 486, 521-22 (6th Cir. 2000); *Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir. 1998). Ohio courts have consistently refused, in reliance on the doctrine of *res judicata*, to review the merits of claims because they are procedurally barred. *See State v. Cole,* 2 Ohio St.3d at 112; *State v. Ishmail,* 67 Ohio St.2d at 16. Additionally, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Court concludes that *res judicata* does not rely on or otherwise implicate federal law. Accordingly, this Court is satisfied from its own review of relevant case law that the *Perry* rule is an adequate and independent ground for denying relief.

In claim seven, Petitioner asserts that he was denied a fair trial based on confusing verdict forms. Petitioner properly raised this claim on direct appeal; however, the state appellate court reviewed the claim for plain error only, due to Petitioner's failure to object at trial:

> [W]e find that Appellant failed to raise any objection to the trial court's jury instruction as given. Accordingly, we review Appellant's argument under a plain

17

error standard of review. *State v. Underwood* (1983), 3 Ohio St.3d 12, at syllabus; *State v. Long* (1978), 53 Ohio St.2d 91, at paragraph one of the syllabus; Crim.R. 52(B). An error constitutes plain error if it is obvious and affects a substantial right. *State v. Yarbrough* (2002), 95 Ohio St.3d 227, 767 N.E.2d 216, 2002-Ohio-2126, 57108. Moreover, an alleged error constitutes plain error if " 'but for the error, the outcome of the trial clearly would have been otherwise.' " *Id.,* quoting *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Long,* 53 Ohio St.2d 91, at paragraph three of the syllabus.

*State v. Mitchell*, 2007 WL 2994142, at *3.

The United States Court of Appeals for the Sixth Circuit has held that plain error review does not constitute a waiver of the state's procedural default rules. *Seymour v. Walker,* 224 F.3d 542, 557 (6th Cir.2000).

> Ohio has a contemporaneous objection rule under which an appellant who fails to object waives later review of the issue unless plain error can be shown. *Williams v. Bagley,* 380 F.3d 932, 968 (6th Cir.2004), *cert. denied,* 544 U.S. 1003, 125 S.Ct. 1939, 161 L.Ed.2d 779 (2005) (citing *State v. Smith,* 89 Ohio St.3d 323, 332, 731 N.E.2d 645 (2000)). The Sixth Circuit has held that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal review absent a showing of cause for the waiver and resulting prejudice. *Id.; Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir.2001); *Stojetz v. Ishee,* 2006 WL 328155 *12 (S.D. Ohio Feb.10, 2006).
>
> A state court's review of an issue for plain error is considered by the Sixth Circuit as the enforcement of a procedural default. *Williams,* 380 F.3d at 968; *Hinkle,* 271 F.3d at 244. The federal court, in determining whether a state court has relied on a procedural rule to bar review of an issue, examines the latest reasoned opinion of the state courts and presumes that later courts enforced the bar instead of rejecting the claim on the merits. *Hinkle,* 271 F.3d at 244 (citing *Ylst, v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991)).

*Adams v. Bradshaw,* 484 F.Supp.2d 753, 771 (N.D. Ohio 2007). Therefore, petitioner has waived claim seven for federal habeas corpus review.

Petitioner may still may obtain review of these defaulted claims on the merits if he establishes cause for his procedural default, as well as actual prejudice from the alleged constitutional violation.

> " '[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule." *Coleman v. Thompson,* 501 U.S. 722, 753 (1991).

*Maples v. Stegall,* 340 F.3d 433, 438 (6th Cir.2003).  The Court presumes that Petitioner intends to assert, as cause for his procedural defaults, the ineffective assistance of appellate counsel.  Such an allegation  may constitute cause for a procedural default if that allegation has been presented to the state courts and is not itself procedurally defaulted.   *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000)(citing *Murray v. Carrier,* 477 U.S. 478, 488-89 (1986)).

Relevant to Petitioner's claims of ineffective assistance of counsel is the following analysis by the state appellate court in connection with Petitioner's reopened appeal pursuant to Ohio R. App. P. 26(B):

> Appellant claims constitutional structural error because the indictment did not include the default element of recklessness. We disagree.
>
> In support of his arguments, appellant relies on the case of *State v. Colon*, 118 Ohio St.3d 26, 885 N.E.2d 917, 2008-Ohio-1624 (*Colon I*), wherein the Supreme Court of Ohio held the following at syllabus: "When an indictment fails to charge a mens rea element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment." However, in *State v. Colon,* 119 Ohio St.3d 204, 893 N.E.2d 169, 2008-Ohio-3749 (*Colon II*), ¶ 3, the Supreme Court of Ohio reconsidered *Colon I* and specifically stated " *Colon I* is prospective in nature and applies only to those cases pending on the date *Colon I* was announced."
>
> Because appellant's case was neither after *Colon I* nor pending on

appeal at the time of *Colon I*, the case does not apply retroactively and hence, does not apply *sub judice*.

\*\*\*

Appellant claims structural constitutional error because he was convicted of aggravated burglary and the predicate offense of kidnapping, but was acquitted of the specifications and the rape counts. Appellant claims he was twice placed in jeopardy. We disagree.

It is appellant's position that the kidnapping offense was based solely on the alleged sexual activity [R.C. 2905.01(A)(4) ] and the sexual motivation specification (R.C. 2941.147). The indictment filed July 7, 2006 stated the following in pertinent part:

SECOND COUNT

THE JURORS OF THE GRAND JURY of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that on or about 06/29/2006, in Muskingum County, Ohio, Charles A. Mitchell, did, by force, threat or deception, restrain the liberty of another to-wit, D.L.M, to facilitate the commission of a felony, to-wit, Rape, or flight thereafter; in violation of Ohio Revised Code, Title 29, Section 2905.01(A)(4), and against the peace and dignity of the State of Ohio.

"FIRST SPECIFICATION TO SECOND COUNT: THE JURORS OF THE GRAND JURY of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, further say that the said Charles A. Mitchell committed the offense of Kidnapping, a violation of Ohio Revised Code Section 2905.01(A)(4) with a sexual motivation; in violation of the Ohio Revised Code, Title 29, Section 2941.147, and against the peace and dignity of the State of Ohio."

The jury found appellant guilty of kidnapping (Count 2), but not guilty of the first specification to Count 2 and the three counts of rape.

In his first appeal, appellant argued the jury's verdict was inconsistent as to the counts of the indictment. *See, Mitchell, supra*, at Assignment of Error I. This court overruled the assignment of error,

20

stating the following at ¶ 22:

"Upon review, we find that consistency between verdicts on several counts of an indictment is unnecessary where the defendant is convicted on one or some counts and acquitted on others; the conviction generally will be upheld irrespective of its rational incompatibility with the acquittal. *State v. Adams* (1978), 53 Ohio St.2d 223, 374 N.E.2d 137, vacated in part on other grounds, 439 U.S. 811, 99 S.Ct. 69, 58 L.Ed.2d 103. Each count of a multi-count indictment is deemed distinct and independent of all other counts, and thus inconsistent verdicts on different counts do not justify overturning a verdict of guilt. *See State v. Hicks* (1989), 43 Ohio St.3d 72, 78, 538 N.E.2d 1030; *State v. Brown* (1984), 12 Ohio St.3d 147, 465 N.E.2d 889, paragraph one of the syllabus; *State v. Washington* (1998), 126 Ohio App.3d 264, 276, 710 N.E.2d 307. "[T]he sanctity of the jury verdict should be preserved and could not be upset by speculation or inquiry into such matters (1997), to resolve the inconsistency." *State v. Lovejoy* 79 Ohio St.3d 440, 444, 683 N.E.2d 1112."

Appellant now argues the inconsistencies lead to a violation of the prohibition against double jeopardy. Following the United States Supreme Court, the Supreme Court of Ohio has found that the double jeopardy clause does not apply to inconsistent verdicts:

"However, the United States Supreme Court has held that double jeopardy does not apply to cases involving inconsistent verdicts and, by implication, hung juries. In *Dunn v. United States* (1932), 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356, 358-359, the United States Supreme Court found that consistency in a verdict was not required and that where offenses were separately charged in counts of a single indictment, even though the evidence was the same in support of each, an acquittal on one count could not be pleaded as res judicata as to the other. The court found that the sanctity of the jury verdict should be preserved and could not be upset by speculation or inquiry into such matters to resolve the inconsistency. The court stated: "'The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity.'" *Id., quoting Steckler v. United States* (C.A.2, 1925), 7 F.2d 59, 60.

21

"This principle of law was further affirmed in *United States v. Powell* (1984), 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461, where a defendant was charged with using the telephone to facilitate crimes of conspiracy and drug possession, crimes that were alleged in the indictment separately from the telephone solicitation charge, a compound indictment. In that case, a jury found the defendant not guilty of possession or conspiracy, but guilty of telephone solicitation to distribute cocaine. Even though possession and conspiracy were predicate felonies, the United States Supreme Court still held that the inconsistent verdicts could not be overturned. The court refused to weaken the *Dunn* rule, finding that 'a criminal defendant already is afforded sufficient protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts.' *Id*. at 67, 105 S.Ct. at 478, 83 L.Ed.2d at 470. The court rejected attempts by the lower courts of appeals to carve out exceptions to the *Dunn* case, and rejected defendant's argument that the principles of res judicata or collateral estoppel should apply to verdicts rendered by a single jury where they jury acquitted the defendant of the predicate felony. The court held: 'We believe that the *Dunn* rule rests on sound rationale that is independent of its theories of res judicata, and that it therefore survives an attack based upon its presently erroneous reliance on such theories.' *Id*. at 64, 105 S.Ct. at 476, 83 L.Ed.2d at 468." *State v. Lovejoy* (1997), 79 Ohio St.3d 440, 444, 683 N.E.2d 1112.

Appellant further claims that "sexual activity" as defined in R.C. 2907.01(C) necessarily includes sexual motivation (as in the specification to Count 2) and the rape counts. Appellant argues when read in pari materia, they are the same act.

Sexual activity is defined as "sexual conduct" [R.C. 2907.01(A) ] or "sexual contact" [R.C. 2907.01(B) ]. Nothing within these definitions require force or resistance against the will of another as in rape (R.C. 2907.02). R.C. 2971.01(J) defines "sexual motivation" as "a purpose to gratify the sexual needs or desires of the offender." Once again, neither force nor resistance is an element.

Upon review, we do not find any constitutional violation of the double jeopardy guarantee.

\*\*\*

Appellant claims there was a lack of sufficient findings to support non-minimum consecutive sentences. We disagree.

Appellant argues *Oregon v. Ice* (2009), --- U.S. ----, 129 S.Ct. 711, 172 L.Ed.2d 517, has overruled *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470. In *State v. Jones*, Greene App. No. 08CA0008, 2009-Ohio694, our brethren from the Second District stated the following at ¶ 8:

"As we pointed out above, *State v. Foster* relieved the court of the statutory duty to make and state the statutory findings on which the court imposes consecutive sentences. *Foster* followed the rules announced in *Apprendi v. New Jersey*, (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, which held that, per the Sixth Amendment, factual findings may not be made by the court absent a foundational finding of the jury or a defendant's admission. More recently in *Oregon v. Ice* (2009), --- U.S. ----, 129 S.Ct. 711, 172 L.Ed.2d 517, the Supreme Court held that the Sixth Amendment does not inhibit states from assigning to judges, rather than to juries, the finding of facts necessary to the imposition of consecutive, rather than concurrent, sentences for multiple offenses, and therefore that the *Apprendi/Blakely* limitation does not apply to a consecutive sentence order. The question after Ice is whether the court abused its discretion when it imposed consecutive sentence."

Therefore, we conclude under *Foster,* appellant's maximum consecutive sentences were not unlawful. Furthermore, we note in his direct appeal, appellant assigned as errors the issues of maximum consecutive sentences and this court overruled the assignments and found the sentence to be lawful. *See, Mitchell, supra,* at Assignments of Error VI and VII.

\*\*\*

Appellant claims the cumulative errors (Assignments of Errors I through VI) denied him a fair trial. We disagree.

Having found no error in the assignments of error above, this assignment of error is denied.

*State v. Mitchell*, 2009 WL 3155055, at \*2-7.[4]

---

[4] The state appellate court rejected Petitioner's direct appeal claim that the trial court lacked discretion to impose more than minimum maximum terms of incarceration as follows:

The right to counsel guaranteed by the Sixth Amendment is the right to effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n. 14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).    "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the

---

Appellant argues that the trial court erred and abused its discretion in ordering consecutive, maximum sentences. We disagree.

Appellant concedes a trial court has great discretion in sentencing defendants, *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Trial courts have full discretion to impose a prison sentence within the statutory range and are not required to make findings or state reasons for imposing maximum, consecutive, or more than minimum sentences. *Id*. An individual has no substantive right to a particular sentence within the range authorized by statute, *State v. Firouzmandi*, Stark App. No.2006-CA-00041, 2006-Ohio-5823, paragraph 21, citations deleted.

In *Foster, supra*, the Supreme Court modified our standard of review concerning sentencing, but left a void concerning the applicable standard of review in sentencing matters, *Firouzmandi*, paragraph 7. In *Firouzmandi*, this Court determined our standard of review is the abuse of discretion standard, which means we may not substitute our judgment for that of the trial court. *Id*. at paragraph 40, citing *Pons v. Ohio State Medical Board* (1993), 66 Ohio St.3d 619.

We have reviewed the record, and we find the trial court did not abuse its discretion in sentencing Appellant to maximum, consecutive terms for the crimes of aggravated burglary and kidnapping.

*State v. Mitchell*, 2007 WL 2994142, at *8.

24

presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689.

To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 697. Because Petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Strickland,* 466 U.S. at 697.

The *Strickland* test applies to appellate counsel.  *Burger v. Kemp,* 483 U.S. 776 (1987). Counsel must provide reasonable professional judgment in presenting the appeal. *Evitts v. Lucey,* 469 U.S. 387, 396-97 (1985). " '[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray,* 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes,* 463 U.S. 745, 751-52 (1983)). Of course, not every decision made by appellate counsel can be insulated from review merely by categorizing it as strategic. The Court of Appeals for the Sixth Circuit has identified the following considerations that ought to be taken into account in determining whether counsel on direct appeal performed reasonably competently:

    A. Were the omitted issues "significant and obvious?"

    B. Was there arguably contrary authority on the omitted issues?

    C. Were the omitted issues clearly stronger than those presented?

    D. Were the omitted issues objected to at trial?

    E. Were the trial court's rulings subject to deference on appeal?

25

F. Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?

G. What was appellate counsel's level of experience and expertise?

H. Did the petitioner and appellate counsel meet and go over possible issues?

I. Is there evidence that counsel reviewed all the facts?

J. Were the omitted issues dealt with in other assignments of error?

K. Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes v. Coyle,* 171 F.3d 408, 427-28 (6th Cir.1999). This list is not exhaustive and need not

produce a certain "score." *Id.* at 428.

As to Petitioner's claim that his attorney performed in a constitutionally inadequate manner

by failing to raise on appeal a claim that the indictment failed to comply with state law, the state

appellate court rejected this argument and this Court defers to a state court's interpretation of its own

laws. *See Adams v. Smith*, 280 F.Supp.2d 704, 721 (E.D. Mich. Aug. 28, 2003)(citing *Mullaney*

*v. Wilbur,* 421 U.S. 684, 691 (1975); *Israfil v. Russell,* 276 F.3d 768, 771 (6th Cir. 2001)).  Thus,

Petitioner has failed to establish either that he was denied the effective assistance of counsel or cause

for his procedural default of claim one.

Petitioner likewise has failed to establish that he was denied the effective assistance of

appellate counsel based on his attorney's failure to raise a claim regarding a violation of the Double

Jeopardy Clause.  As discussed by the state appellate court, the United States Supreme Court has

rejected Petitioner's argument that a jury's inconsistent verdicts, "even verdicts that acquit on a

predicate offense while convicting on the compound offense," are constitutionally prohibited.  *See*

*United States v. Powell*, 469 U.S. 57, 65-66 (1984)(citing *Dunn,* 469 U.S. at 390)(other citations

omitted); *see also Harris v. Rivera*, 454 U.S. 339 (1981).

Further, the trial court did not unconstitutionally impose consecutive or non-minimum terms of incarceration. The trial court sentenced Petitioner on December 11, 2006, *i.e.,* after the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d at 1, excising the unconstitutional fact-finding provisions of Ohio sentencing statutes under *Blakely v. Washington*, 542 U.S. 296 (2004). The state appellate court determined that the trial court did not violate Ohio law in imposing sentence, *see State v. Mitchell*, 2007 WL 2994142, at *8, and the record reflects no basis for this Court to disturb that determination.

Finally, because none of the foregoing errors are meritorious, Petitioner has failed to establish cumulative error.

In short, Petitioner has failed to establish the ineffective assistance of appellate counsel. It follows that he has failed to establish cause for his procedural default of claims three through seven.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333 (1992). After review of the record, the Court does not deem this to be such a case.

## CLAIM EIGHT

In claim eight, Petitioner asserts that he was denied a fair trial because the trial court excused a juror without any showing of misconduct and over his objection. Respondent contends that this claim fails to present an issue appropriate for federal habeas corpus review, as Petitioner argues only that the trial court, in excusing the juror, abused its discretion and violated state law. *Return of Writ*,

at 40-42.  Indeed, the record reflects that, on direct appeal, Petitioner raised this same claim, *see Exhibit 7 to Return of Writ*, and failed to present any issue of federal constitutional magnitude.

Moreover, the state appellate court reviewed Petitioner's claim only for the alleged violation of state law:

> Appellant argues that the trial court erred in dismissing one of the jurors over the objection of Appellant's counsel. We disagree.
>
> Revised Code 4945.29 states that "[i]f, before the conclusion of the trial, a juror becomes sick, or for other reason is unable to perform his duty, the court may order him to be discharged. In that case, if alternate jurors have been selected, one of them shall be designated to take the place of the juror so discharged." Likewise, Crim.R. 24(F)(1) provides for the use of alternate jurors if regular jurors "become or are found to be unable or disqualified to perform their duties." Whether a juror is unable to perform his duty is a determination that lies within the trial court's discretion.  *State v. Kish*, Lorain App. No. 02CA008146, 2003-Ohio-2426, 576; *State v. Tate* (Mar. 7, 1989), Clark App. No. 2431. In cases involving outside influences on jurors, the trial court is granted broad discretion in dealing with the contact and determining whether to declare a mistrial or to replace an affected juror. *State v. Johnson,* 88 Ohio St.3d 95, 2000-Ohio-276.
>
> In the instant case, the trial court learned that a juror and her husband, who had been observing the trial from the gallery, had been observed in conversation with a witness in the hallway during a break in the proceedings. Upon hearing of this conversation and prior to proceeding any further in the trial, the trial court asked this juror about the nature of such conversations. The juror admitted that she had had conversations with an individual in the hallway, but she denied that the conversation had anything to do with the trial. She further denied knowing that the person was a prospective witness. She also stated that she had not heard any information outside the courtroom, from her husband or otherwise, that would influence her deliberations. However, at the request of the State, and over the objection of Appellant, the trial court dismissed the juror and replaced her with an alternate.
>
> Upon review, we find that even though Appellant objected to this juror being removed from the jury, the trial court acted within its

discretion in concluding that her objective participation in the trial could have been compromised by her encounter with the witness during the break. The fact that the juror and her husband had been involved in a conversation with a trial witness, without more, provided sufficient grounds to support the trial court's decision to proceed with the substitution based on the appearance of impropriety. The trial court's substitution was not arbitrary, unreasonable, or capricious, and the decision fell squarely within its discretionary authority. Further, the fact that the substitution occurred prior to deliberations reinforces our view that Appellant suffered no prejudice as a result of the trial court's decision.

Thus, the trial court did not err in removing said juror from the jury.

*State v. Mitchell*, 2007 WL 2994142, at *5-6.

Only juror misconduct that deprives a defendant of a fair and impartial trial warrants federal habeas corpus relief. *Clemmons v. Sowders*, 34 F.3d 352, 255 (6th Cir. 1994)(citing *Monroe v. Collins,* 951 F.2d 49, 51-52 (5th Cir.1992)). The record fails to indicate any such circumstances here.

Claim eight is without merit.

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**. Petitioner's request for an evidentiary hearing is **DENIED.**

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit

this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may also submit arguments regarding whether a certificate of appealability should issue.


    *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

July 15, 2011

30